UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ISAI JARA,** | ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | Case No. 23-cv-1359 (APM) |
| **U.S. CAPITOL POLICE OFFICER THOMAS SMITH,** | ) ) ) ) | |
| **Defendant.** | ) ) ) | |

## MEMORANDUM OPINION

Pro se Plaintiff Isai Jara claims a "violation of civil rights" arising out of a traffic stop on June 22, 2019, by Defendant U.S. Capitol Police Officer Thomas Smith, who Plaintiff sues in his individual capacity. On December 1, 2023, Defendant moved to dismiss on multiple grounds, including for failure to complete proper service. Def.'s Mot. to Dismiss, ECF No. 13, Def.'s Mem. of P&A in Support of Def's Mot., ECF No. 13-1, at 4–5. On December 5, 2023, the court issued an Order warning Plaintiff that if he did not respond to Defendant's motion by January 2, 2024, "the court may grant the Motion and dismiss Plaintiff's Complaint." Order, ECF No. 14. On January 26, 2024, Plaintiff filed an untimely, two-paragraph response that did not address any of the grounds for dismissal. Pl.'s Opp'n, ECF No. 16.

Although Defendant's motion arguably is conceded, the court nevertheless grants it for failure to complete service. Having sued Defendant in his individual capacity, Plaintiff was required to serve him consistent with Federal Rule of Civil Procedure 4(e). Here, Plaintiff attempted service consistent with District of Columbia law. *See* Fed. R. Civ. P. 4(e)(1). Plaintiff's proof of service consists of receipts from a certified mailing in May 2023 to an unspecified address

in the "20513" zip code, which is associated with U.S. Capitol Police headquarters. Proof of Service, ECF No. 3. Plaintiff has not, however, produced a return receipt indicating that Defendant in fact received the certified mailing. *See Walker v. 2100 2nd ST SW, LLC*, No. 24-cv-677 (RC), 2024 WL 3887395, at *5 (D.D.C. Aug. 20, 2024) ("Under Superior Court Civil Rule 4(c)(4) service by certified mail is accomplished when the required documents are delivered to, and signed by, the defendant by means of 'registered or certified mail, return receipt requested.'") (quoting D.C. Super. Ct. R. Civ. P. 4(c)(4)). Plaintiff therefore has not produced evidence that would permit the court to exercise personal jurisdiction over Defendant. *See Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 510 (D.C. Cir. 2018) (stating the court must resolve challenges to personal jurisdiction before reaching the merits)

      Accordingly, the court grants Defendant's Motion and dismisses the complaint and this action without prejudice. A separate final order accompanies this Memorandum Opinion.

Dated: September 3, 2024

                                              Amit P. Mehta
                                              United States District Court Judge